FILED

UNITED STATES DISTRICT COURT

MAY 14 2025

WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY CLERK

Don A. Hampton and Cheryl A. Hampton,
Plaintiffs,
v.
U.S. Department of Justice,

Commissioner of the Internal Revenue Service,

, Groupon, Inc.

Case No. SA-25-CV-00341-JKP

# PLAINTIFFS' MOTION TO RECONSIDER TEMPORARY RESTRAINING ORDER:

# BASED ON THE DEFENDANT - GROUPON, INC.'S DEFAULT AND RULE 65(B)(1) CLARIFICATIONS

TO THE HONORABLE JUDGE JASON PULLIAM:

Plaintiffs-Don and Cheryl Hampton, pro se, respectfully move this Court to reconsider the motion that was filed on 5/5/25 with the Order denying the Plaintiffs' Emergency Motion for a Temporary Restraining Order (ECF No. 12), based on two primary grounds:

1. **Defendant - Groupon, Inc. has defaulted** by failing to respond to the Plaintiffs' Complaint within the 21-day timeframe required by Federal Rule of Civil Procedure 12(a)(1)(A)(i); and
2. **Plaintiffs respectfully clarify and seek leave to cure** the procedural requirements under Rule 65(b)(1)(A) and (B), including affidavits and certification of notice.

## I. GROUNDS FOR RECONSIDERATION

A. *Groupon, Inc. is in Default:*

- The Plaintiffs filed their civil complaint with a preliminary injunction on **March 31, 2025** and Groupon, Inc. was served by Process Server-Carl Ross on **Apr 5, 2025**.

1

- Under Rule 12(a)(1)(A)(i), Groupon, Inc. was required to respond within **21 days which was no later than 4/23/25**.
- As of this filing, Groupon, Inc. has failed to answer, file a motion, or otherwise respond. No extension has been requested by Groupon, Inc.
- This constitutes **procedural default**, and reconsideration is proper based on new material facts not reflected in the Court's Order.

**B. IRS Revenue Officer-Rae Lee's Foreclosure Threat in Violation of Due Process:**

- **Ongoing Foreclosure Threat by the IRS:** IRS Revenue Officer-Rae Lee sent a formal letter stating, *"Mr. & Mrs. Hampton, I am writing to inform you of our intent to sue to foreclose,"* indicating that active efforts to seize the Plaintiffs' home are underway despite pending IRS matters.
- **Amended Tax Returns Still Under Review:** The Plaintiffs' amended tax returns for 2014 thru 2018 remain under review by the IRS Office in Austin, TX, undermining the basis for any aggressive collection actions, including foreclosure.
- **Violation of Procedural Rights:** Mr. Lee initiated levy actions without issuing the mandatory **Notice of Intent to Levy (Form 1058)** and without offering the Plaintiffs their statutory right to a **Collection Due Process (CDP) Hearing**, as required by **26 U.S.C. § 6330**.
- **Good-Faith Attempt to Reschedule IRS Meeting:** The Hamptons requested to reschedule their in-person meeting from April 2, 2025, to May 19, 2025, due to the pending tax review. Nevertheless, enforcement actions proceeded without pause, showing disregard for due process and equitable resolution.

*C. Clarification and Cure of Rule 65(b)(1) Requirements*

The Court's order denied the TRO based on two technical deficiencies under Rule 65(b)(1):

- **Rule 65(b)(1)(A)**: Plaintiffs respectfully seek leave to file a supplemental **affidavit** demonstrating irreparable harm (including risk of home seizure, health deterioration, and denial of essential utilities due to numerous tax liens which have induced financial hardship).
- **Rule 65(b)(1)(B)**: Efforts to formally notify the Internal Revenue Service and IRS Revenue Officer-Rae Lee were not made prior to filing this Motion due to the immediate and irreparable harm threatened by the imminent foreclosure of our home.
In past interactions, IRS Revenue Officer-Rae Lee has demonstrated an unwillingness to consider valid objections or evidence regarding the underlying tax liabilities, including

2

that Groupon, Inc. misreported the net income on all of Don's 1099s from 2014 thru 2018 which is at the heart of this case. Based on this conduct, the Plaintiffs reasonably believed that providing advance notice of this motion would not prevent harm and could potentially accelerate enforcement actions.

## II. Clarification and Justification for TRO Reconsideration (with Legal Authority)

The Plaintiffs respectfully clarify that the emergency relief sought through this Motion for a Temporary Restraining Order (TRO) is narrowly tailored and does **not** infringe upon the Defendants' right to respond to the Complaint or Motion for a Preliminary Injunction. Rather, the TRO is necessary to **prevent imminent and irreparable harm** stemming from IRS Revenue Officer-Rae Lee's improper and unlawful efforts to foreclose on the Plaintiffs' home, in violation of federal law and the Plaintiffs' statutory rights.

### A. Pending IRS Review of Amended Tax Returns (Due Process)

The IRS Austin office is still in possession of the Plaintiffs' amended returns, which challenge the accuracy of the original tax assessments based on fraudulent 1099-Ks issued by Groupon, Inc. Proceeding with collection efforts — including foreclosure — before processing these returns violates due process. Courts have held that the IRS cannot pursue enforced collection action while issues affecting the underlying tax liability are still pending as early as November 2024.

- **26 C.F.R. § 301.6402-3**: Requires the IRS to act on amended returns or claims for refund within a reasonable time.
- **26 U.S.C. § 6404(a)**: Authorizes the abatement of erroneous assessments.
- **Sampson v. Murray, 415 U.S. 61, 88 (1974)**: Injunctive relief is proper where "irreparable injury is both certain and great."

### B. Violation of Statutory Collection Procedure (26 U.S.C. § 6330 & § 6331)

IRS Revenue Officer-Rae Lee failed to comply with **26 U.S.C. § 6330**, which requires the IRS to issue a **Notice of Intent to Levy (Form 1058)** and offer a **Collection Due Process (CDP) hearing** before initiating any levy, seizure, or foreclosure.

- **26 U.S.C. § 6330(a)(1)**: Mandates written notice at least 30 days before a levy.
- **26 U.S.C. § 6331(d)**: Requires advance notice and a meaningful opportunity to challenge the collection action.

3

- **Lunsford v. Commissioner, 117 T.C. 183 (2001)**: Levy actions without a CDP hearing violate taxpayer rights and may be enjoined.

### C. No Prejudice to Defendants – Limited Scope Relief

This TRO is not a ruling on the merits, nor does it interfere with the Defendants' ability to respond to the Civil Complaint. It solely asks the Court to **preserve the status quo** while the Plaintiffs' amended filings are under IRS review and while lawful notice and hearing requirements are observed.

- **Winter v. NRDC, 555 U.S. 7, 20 (2008)**: TRO relief is proper when plaintiffs show they are likely to suffer irreparable harm and the balance of equities favors them.
- **Califano v. Yamasaki, 442 U.S. 682, 703 (1979)**: Due process requires notice and an opportunity to be heard before the government may deprive someone of property.

### D. Irreparable Harm from Imminent Foreclosure

Plaintiffs risk losing their primary residence — an irreparable injury that courts have consistently found warrants emergency injunctive relief.

- **Elrod v. Burns, 427 U.S. 347, 373 (1976)**: Loss of constitutional rights, even for minimal periods, constitutes irreparable harm.
- **Johnson v. U.S. Dep't of Treasury, 939 F. Supp. 2d 143, 152 (D.D.C. 2013)**: Foreclosure without proper due process violates 5th Amendment rights and may be enjoined.

**EMERGENCY MOTION FOR A TEMPORARY RESTRAING ORDER**

Plaintiffs-Don and Cheryl Hampton respectfully request this Court to issue a Temporary Restraining Order for 30 days against the Internal Revenue Service to halt further enforcement actions including any more levies, liens, or seizures until this Court has ruled on the Plaintiffs' motion for a Preliminary Injunction that was filed on 3/31/25 and civil complaint against all of the Defendants. In Support thereof, the Plaintiffs would show as follows:

### III. INTRODUCTION AND BACKGROUND

1. Plaintiffs – Don A. Hampton and Cheryl A. Hampton bring this motion to restrain IRS Revenue Officer-Rae Lee and the Internal Revenue Service from continuing unlawful collection actions (levies, liens, seizures) based on a tax debt that is derived from fraudulently issued 1099-Ks from Groupon, Inc.

2. From 2014 thru 2018, Groupon, Inc. intentionally included their portion of revenue on all of Don Hampton's 1099-K's which led to inflated and erroneous tax liabilities. The Hampton have since amended their 1040 tax returns for those years, properly excluding Groupon's portion of their revenues. As of today, the Hamptons are still waiting for their amended taxes to be processed by the IRS in Austin, TX and that is why they wanted to reschedule their in-person meeting with Mr. Lee from 4/2/25 to 5/19/25.

3. Despite being informed of this still pending review, Mr. Lee initiated a levy action without providing the required **Notice of Intent to Levy (Form 1058)** or offering the Hamptons a **Collection Due Process (CDP) Hearing** as required by **26 U.S.C. § 6330.**

4. **In the Hamptons' Mailbox on March 31, 2025,** Mr. Lee sent 12 **IRS Form 8519 – Taxpayer's Copy of Notice of Levy** and he sent it to numerous institutions such as Randolph-Brooks FCU, Specialized Loan Servicing, etc. On **April 21, 2025,** the IRS seized a total of **$376.64** from the Hamptons" bank accounts without notice or **Collection Due Process (CDP) Hearing.**

5. **On April 29, 2025,** Mr. Lee issued another letter titled **Summary of Contact,** which included a written threat: "**Our Intent to Sue to Foreclosure.**"

6. These actions are in violation of the Hamptons' due process rights, the **Internal Revenue Code,** and established **case law.**

IV. LEGAL BASIS FOR RELIEF

1. The actions taken by Mr. Lee and the IRS violates multiple provisions of federal law including:

a. **IRC § 6330** – Requires a **Notice of Intent to Levy** and offers the taxpayer a **CDP hearing** before enforcement.

b. **IRC § 6304** - Prohibits harassment and abuse in IRS collection actions.

c. **26 U.S.C. § 7433** – Allows taxpayer to seek damages for unauthorized IRS collection actions.

d. **26 U.S.C § 7426** – Provides remedies for wrongful levy:

2. The Hamptons have not received any **Final Notice of Intent to Levy** nor been given an opportunity to request a **Collection Due Process Hearing** from Mr. Lee.

3. Mr. Lee's threat of foreclosure and his unauthorized seizure of funds constitutes an **unlawful taking without due process and places the Hamptons at risk of irreparable harm.**

4. Relevant Case law supports the Issuance of the preliminary injunctive relief in these circumstances:

a). **Livingston vs Commissioner, U.S. Tax Court, 2000**

In this case, the taxpayer, Livingston, had been convicted of criminal tax evasion. The IRS sought to impose a civil fraud penalty based on his prior criminal conviction and admissions regarding unreported income. The Tax Court acknowledged that while Livingston's admissions in the criminal case provided strong evidence, they did not conclusively establish the exact amount of unreported income for the civil case. The Court emphasized that the IRS had the burden of proving the amount of unreported income and could not rely solely on Livingston's prior admissions. Therefore, the Court concluded that there was a genuine issue of material fact regarding the precise amount of unreported income, and the IRS's motion for summary judgment was denied.

**Relevance to The Hamptons' Case**

While this case primarily deals with the imposition of civil fraud penalties following a criminal conviction, it underscores the principle that the IRS must provide clear and convincing evidence when asserting tax liabilities. In the Hampton's situation, where the IRS is pursuing foreclosure without proper procedural safeguards, the Livingston case highlights the importance of ensuring that the IRS follows due process and provides adequate evidence before taking enforcement actions.

b). **Hoyle v. Commissioner, 136 T.C. 463 (2011)** – In *Hoyle*, the taxpayer received a **Notice of Intent to Levy** and requested a **Collection Due Process (CDP) hearing** under **26 U.S.C. § 6330**. At the CDP hearing, Hoyle challenged the underlying tax liability and argued the levy was improper.

The Tax Court's key findings included:

- **Verification Requirement:** Under **§ 6330(c)(1)**, during a CDP hearing, the IRS Appeals officer **must obtain verification from the Secretary** that all legal and administrative procedures have been met **before** proceeding with a levy.
- In Hoyle's case, the IRS Appeals officer **failed to verify that a valid notice of deficiency was issued or that the taxpayer had received it**, as required by law.

## Legal Importance:

The Tax Court held:

"The Appeals officer failed to verify that the requirements of any applicable law or administrative procedure have been met as required under section 6330(c)(1), and thus, the determination to proceed with the collection action was an abuse of discretion."

So, the Court **invalidated the IRS's determination to levy**, citing a **procedural failure**.

### Relevance to The Hamptons' Case:

The Hamptons have stated that:

- IRS Revenue Officer-Rae Lee **initiated levy or foreclosure actions** without providing a **Notice of Intent to Levy (Form 1058)** or offering a **CDP hearing**.
- The IRS has still failed to process the 5 **amended tax returns from 2014-2018**, and we're **actively contesting** the tax assessments stemming from **allegedly false 1099s due to misreporting of Don's net income from Groupon, Inc.**

**Hoyle v. Commissioner** directly supports the Hamptons' argument that:

1. **Procedural Due Process under § 6330 was violated.**
2. **IRS must verify all legal steps before taking collection actions** like levies or foreclosures.
3. If such verification is absent, **any collection action is invalid and constitutes an abuse of discretion.**

c). **Jones v. Commissioner**, 259 F.2d 300 (5th Cir. 1958), is a significant case in tax law that addresses the distinction between willful failure to file tax returns and fraud with intent to evade tax. The Fifth Circuit Court of Appeals held that the mere willful failure to file returns does not, by itself, constitute fraud. The court emphasized that fraud requires clear and convincing evidence of intentional wrongdoing with a specific intent to evade tax, and it cannot be presumed from mere negligence or oversight.

### c.) Case Summary

In this case, A. Raymond Jones and his wife, Mary Lou Jones, were assessed tax deficiencies for the years 1948 and 1949. The IRS imposed fraud penalties under 26 U.S.C. § 293(b), asserting that the deficiencies were due to fraud with intent to evade tax. The Tax Court upheld these penalties, but the Fifth Circuit reversed the decision, finding that the evidence did not support a finding of fraud.

The court noted that while the Joneses had failed to file their tax returns for the years in question, they had previously filed returns for every year from 1933 through 1947. The court also highlighted that the Joneses had provided their accountant with the necessary information to prepare the returns and had kept the forms in their possession until requested by IRS agents. Importantly, the court found no evidence of concealment, misrepresentation, or subterfuge.

The court concluded that the mere willful failure to file returns, without additional evidence of intentional wrongdoing, was insufficient to support a fraud penalty. It emphasized that fraud implies bad faith, intentional wrongdoing, and a sinister motive, which must be proven by clear and convincing evidence.

### c). Legal Principles Established

- **Fraud Requires Clear and Convincing Evidence**: The court reiterated that fraud cannot be presumed or imputed; it must be proven by clear and convincing evidence of intentional wrongdoing with a specific intent to evade tax.
- **Distinction Between Willful Failure to File and Fraud**: The court distinguished between willful failure to file tax returns and fraud, noting that while both may involve intentional acts, fraud requires additional evidence of deceit or concealment.
- **Absence of Evidence of Fraudulent Intent**: The court emphasized that the absence of evidence of concealment, misrepresentation, or subterfuge undermines any inference of fraud.

### Relevance to the Hamptons Case

While *Jones v. Commissioner* primarily addresses issues related to fraud penalties, its principles can be relevant in cases involving IRS enforcement actions. Specifically, the case underscores the importance of clear and convincing evidence in establishing fraud and highlights the distinction between willful failure to comply with tax obligations and fraudulent intent.

In the Hamptons situation, if the IRS is pursuing foreclosure or levy actions without providing the required Notice of Intent to Levy or offering a Collection Due Process (CDP) hearing, as mandated by 26 U.S.C. § 6330, Don and Cheryl may argue that such actions are procedurally flawed.

### Legal Argument Excerpt – Reinforcing Procedural Violation

Drawing parallels to the *Jones v. Commissioner*, 259 F.2d 300 (5th Cir. 1958), the Hamptons emphasize that, like fraud, procedural violations by the IRS must be substantiated by clear and convincing evidence and cannot be presumed. As established in *Jones*, penalties or

8

enforcement actions by the IRS must rest on a factual and legal foundation—not on flawed assessments or unsupported assumptions. In this case, the IRS has failed to correct materially inaccurate 1099s issued by Groupon, Inc. and is now advancing enforcement through foreclosure without issuing the legally required Notice of Intent to Levy (Form 1058) or offering a Collection Due Process (CDP) hearing under 26 U.S.C. § 6330. These procedural failures, when combined with the 5 unresolved amended tax returns currently under IRS review, constitute a clear violation of the Hamptons' statutory and constitutional rights.

**V. REQUEST FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully request that this Court:

1). Issue a **Temporary Restraining Order** immediately **prohibiting IRS Revenue Office-Rae Lee and the Internal Revenue Service from pursuing any further levy, lien, foreclosure, or enforcement action** against the Plaintiffs until the Court rules on the Plaintiffs' Motion for a Preliminary Injunction Request.

2). Order the IRS to **return the unlawfully seized levy in the total amount of $376.64** to Plaintiffs' Randolph-Brooks FCU two bank accounts.

3). Order the IRS to **cease any contact or action without first complying** with statutory procedures including IRC § 6330 and issuing a proper notice with an opportunity for a CDP hearing.

4). Set an expedited hearing date for the Motion for the Preliminary Injunction.

5). Grant any such other relief, at law or in equity, to which the Plaintiffs may be justly entitled.

**Supporting Exhibits**

Plaintiffs respectfully refer the Court to all of the exhibits previously submitted with the original TRO motion filed on May 5, 2025 (ECF No. 12) and incorporate them by reference herein."

## CONCLUSION

For the reasons set forth above, the Plaintiffs respectfully request that this Court **reconsider its prior denial** of the Emergency Temporary Restraining Order (ECF No. 12). The need for immediate injunctive relief has become more urgent due to actions by IRS Revenue Officer-**Rae Lee,** who is actively pursuing foreclosure on the Plaintiffs' primary residence — even though the Plaintiffs' **5 amended tax returns (2014-2018) remain under review** at the IRS Service Center in **Austin, TX that were mailed in Nov 2024 & in Jan 2025.**

Plaintiffs had previously notified IRS Revenue Officer-Rae Lee of their intent to **reschedule a meeting from April 2, 2025, to May 19, 2025,** to allow the IRS time to process the 5 amended tax returns that directly affect the basis for collection. Nevertheless, Mr. Lee proceeded to initiate a **levy action** and threatened foreclosure **without providing the required IRS Notice of Intent to Levy (Form 1058)** or the opportunity for a **Collection Due Process (CDP) hearing,** in violation of **26 U.S.C. § 6330.**

In addition to curing any Rule 65(b)(1)(A) and (B) deficiencies through the accompanying certification and supplemental affidavit, Plaintiffs further submit that the **default of Groupon, Inc.,** whose misconduct triggered these unjust tax assessments, amplifies the equities in favor of granting emergency relief.

Accordingly, the Plaintiffs respectfully ask the Court to grant the requested Temporary Restraining Order to **halt all foreclosure efforts and** preserve the status quo until such time as the Court can fully consider Plaintiffs' motion for a preliminary injunction.

_____ 5/14/25
Don A Hampton, M.A., B.S., L.M.T.

_____ 5/14/25
Cheryl A Hampton, M.B.A., B.S., A.A.

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

Don A. Hampton and Cheryl A. Hampton,
Plaintiffs,
v.
U.S. Department of Justice,

Commissioner of the Internal Revenue Service,

Groupon, Inc.

**Case No. SA-25-CV-00341-JKP**

**EXHIBIT A**

**Affidavit of Irreparable Harm**

**AFFIDAVIT BY DON AND CHERYL HAMPTON REGARDING IRREPARABLE HARM**

We, Don A. Hampton and Cheryl A. Hampton, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

We are the Plaintiffs in the above-captioned action and submit this sworn affidavit in support of our Emergency Motion for a Temporary Restraining Order and Motion to Reconsider the Court's prior ruling.

We are currently subject to wrongful and fraudulent tax liens filed by the Internal Revenue Service (IRS), based on inaccurate and unlawful tax assessments tied to improperly issued 1099-K forms by the Defendant-Groupon, Inc.

As a direct result of these liens:

- We have been unable to refinance our current home, leaving us to live without a functioning air conditioning unit for over a year. Temperatures in our home regularly reach an average of 99°F.
- We were denied the ability to close on a newly constructed home that we were scheduled to move into in April 2024, despite meeting all contractual requirements.

1

- Don Hampton, a Type II Diabetic, has experienced serious health consequences due to prolonged exposure to excessive heat inside the home, including episodes of near heatstroke, dizziness, fatigue, and impaired daily functioning.
- These liens have interfered with the operation of Don's massage therapy business, preventing access to necessary financing and causing the loss of two massage therapist contractor positions.
- We have suffered lost financial opportunities, including foregone employment contracts, and irreparable harm to our credit profile.
- We are under active threat of levy and seizure by IRS Revenue Officer-Rae Lee, including the potential foreclosure of our home, as stated in his recent letter of intent to sue for foreclosure.

These liens and enforcement actions are based on provably false income reporting, specifically the improper inclusion of Groupon's portion of their profits on Don Hampton's 1099-K forms for tax years 2014 through 2018. We have submitted amended tax returns, along with corroborating supporting evidence, but the IRS has not processed these corrections as of today.

According to our calculations and submitted returns:

- Refunds are owed for tax years 2014 thru 2017.
- Only $940 is owed for 2018 after removing Groupon, Inc.'s portion of the revenue in our 50% / 50% profit sharing relationship.

We previously submitted all five of our USPS mailing labels as part of our TRO filing on May 5, 2025, evidencing these communications and resubmissions. We respectfully ask the Court to recognize the immediate, ongoing, and irreparable harm being inflicted upon us and to issue the Temporary Restraining Order to halt further damage while this matter proceeds to adjudication. We declare under penalty of perjury that the foregoing is true and correct.

Executed on this 14th day of May 2025.

_____5/14/25
Don A. Hampton, M.A., B.S., L.M.T

_____5/14/25
Cheryl A. Hampton, M.B.A, B.S, A.A.

2

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

Don A. Hampton and Cheryl A. Hampton,
Plaintiffs,
v.
U.S. Department of Justice,

Commissioner of the Internal Revenue Service,

Groupon, Inc.

**Case No. SA-25-CV-00341-JKP**

# EXHIBIT B - CERTIFICATION OF NOTICE

*Pursuant to Federal Rule of Civil Procedure 65(b)(1)(B)*

We, Don A. Hampton and Cheryl A. Hampton, hereby certify the following in support of our **Motion to Reconsider Temporary Restraining Order**:

Efforts to notify IRS Internal Revenue Officer-Rae Lee or the Internal Revenue Service (IRS) in advance of this motion were not made because **the threatened foreclosure of our home constitutes immediate and irreparable harm**, and prior conduct by Mr. Lee has demonstrated that notice would not have prevented the harm, but may have accelerated enforcement action.

Specifically:

- We have informed Mr. Lee that our amended federal income tax returns for tax years 2014–2018 are still under review by the IRS office in Austin, TX. These amended returns directly challenge the basis for the tax assessments in question.
- Despite this pending review, Mr. Lee sent us written notice stating: *"Mr. and Mrs. Hampton, I am writing to inform you of our intent to sue to foreclose."*
- Mr. Lee has **not issued a Notice of Intent to Levy (Form 1058)** nor provided us with the opportunity for a **Collection Due Process (CDP) hearing** under **26 U.S.C. § 6330**, both of which are procedural prerequisites before initiating any levy or foreclosure actions.

1

- His actions therefore violate our due process rights and IRS statutory procedures, and present an urgent need for judicial intervention.

While this motion does not request a TRO against Groupon, Inc., we note for the Court's awareness that **Groupon has failed to respond to our Complaint** within the 21 days mandated by **Federal Rule of Civil Procedure 12(a)(1)(A)(i)** for private entities. As such, **Groupon is in default under FRCP 55(a)**. Groupon's misconduct was the original cause of the erroneous 1099-K forms that triggered the IRS's unlawful actions against us. However, this request for emergency relief is focused solely on halting imminent and unlawful foreclosure proceedings initiated by the IRS while our amended tax filings are still pending.

Accordingly, we respectfully submit this Certification of Notice under Rule 65(b)(1)(B), and request that the Court consider our application for a Temporary Restraining Order on this urgent and narrow basis.

Respectfully submitted,

_____ 5/14/25

Don A. Hampton, M.A., B.S. L.M.T.

_____ 5/14/25

Cheryl A. Hampton, M.B.A., B.S. A.A.

2