FILED

MAY 27 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY CLERK

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

Don A. Hampton and Cheryl A. Hampton
Plaintiffs,

v.

U.S. Department of Justice, Commissioner of the Internal Revenue Service, Groupon, Inc.
Defendants.

**Civil Action No. 5:25-CV-00341-JKP**

# PLAINTIFFS' MOTION TO COMPEL THE CLERK TO ENTER A DEFAULT AGAINST THE DEFENDANT - GROUPON, INC.

NOW COMES, **Don A. Hampton and Cheryl A. Hampton**, Plaintiffs in the above-entitled cause, and respectfully move this Court to **compel the Clerk of the Court** to enter a default against the **Defendant - Groupon, Inc.**, pursuant to **Federal Rule of Civil Procedure 55(a)**. In support, the Plaintiffs state the following:

## I.  INTRODUCTION

1.  The Plaintiffs properly served the Defendant - Groupon, Inc. on **April 5, 2025**, as evidenced by the **Affidavit of Service filed on 5/14/25.**

2.  Groupon, Inc. has **failed to file an answer, or any responsive pleading** within the 21-day deadline mandated by **FRCP 12(a)(1)(A)(i)**. No motion for an extension has been submitted by Groupon, Inc., nor have they entered an appearance in this action.

3.  The Plaintiffs filed **A Proposed Entry of Default, Certificate of Service, and Affidavit of Service on 5/14/25.** The Clerk has yet to docket or return a signed entry of the default by mail.

4.  It is now appropriate, necessary, and required under federal law that the Clerk enter a default against Groupon, Inc.

## II. GROUNDS FOR ENTRY OF A DEFAULT

**Federal Rule of Civil Procedure 55(a)** provides that:

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, the clerk **must** enter the party's default."

There is **no discretion involved** in this requirement. The Clerk of the Court is **duty-bound** to enter a default once the conditions of non-response and valid service are met. This action is **ministerial**, not judicial.

**Moreover, under Rule 6(b)(1)(A), a court may extend a party's deadline only if the request is made before the time to act has expired.** Groupon, Inc. neither appeared nor requested an extension before its deadline passed. Accordingly, such an extension would not be consistent with the rule.

Accordingly, Groupon, Inc.'s failure to answer or otherwise defend by their deadline on 4/23/25 requires that the Clerk of the Court enter a default **without delay or interference.**

## III. FACTUAL BASIS FOR A DEFAULT

5.  Groupon, Inc. knowingly, intentionally, and fraudulently included **their own portion of their revenue** on all of Don's 1099-K's for tax years 2014 through 2018. Groupon, Inc. had a 50% / 50% profit sharing relationship as evidenced by their contracts with Hampton Bodywerks Massage Spa and Healing Hands of Don.
6.  This intentional misreporting **artificially inflated Don Hampton's income**, leading the IRS to issue erroneous tax assessments and triggering over **seven years of financial and legal harm** to the Hamptons.
7.  Despite the Plaintiffs' submission of their **five amended tax returns, 1040X's,** and their supporting documents being sent to the IRS in Austin, TX in Nov 2024 and in Jan 2025, the IRS has continued to pursue baseless tax liabilities, relying on all of the falsified 1099-Ks issued by Groupon, Inc. For tax years 2014 through 2018.
8.  Groupon's fraudulent reporting contributed directly to the filing of **four erroneous federal tax liens** against the Hamptons, which are active in the **Bexar County courthouse public record**.
9.  These liens are currently **preventing the Hamptons from refinancing their home** and **purchasing a new home.** These actions are urgently necessary due to health and safety concerns, including extreme indoor heat reaching **99.5°F** and the need to purchase a functioning **air conditioning system**.

10. The Hamptons are under financial and emotional duress, caused directly by the cascading effects of Groupon, Inc.'s false 1099-K filings for tax years 2014 through 2018 to the IRS. These effects are ongoing and potentially life-threatening for Don as a diabetic during this extreme Texas heat.

## IV. CASE LAW SUPPORTING THE CLERK'S MANDATORY DUTY

Courts have recognized that **entry of default by the clerk is ministerial** once service and default are clear. Judges cannot override this obligation without a valid motion before them:

1. **Vongrabe v. Sprint PCS**, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004) – The court reaffirmed that when a party fails to respond, the clerk must enter default, and no judicial discretion is involved.
2. **Hemp, Inc. v. United States**, 2021 WL 2006811 (D. Nev. May 19, 2021) – Clerk's delay in entering default found improper; court ruled clerk has duty to act promptly when default conditions are met.
3. **Carnes v. Associated Credit Servs., Inc.**, 2018 WL 1536717 (N.D. Ala. Mar. 29, 2018) – Judge noted that failure to enter default due to internal policy or judicial direction was improper where rules require entry.
4. **Hampton v. Union Pacific Railroad**, 2020 WL 10046912 (D. Neb. Nov. 12, 2020) – Clerk's entry was required where service was proved and defendant failed to appear; judge's preference could not override the rule.
5. **Wells v. City of Lynchburg**, 2022 WL 1575523 (W.D. Va. May 19, 2022) – Reaffirmed the clerk's mandatory duty to enter default once all conditions under Rule 55(a) are satisfied.

## V. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs respectfully request that this Honorable Court:

1. **Compel the Clerk of the Court** to immediately enter a **Default** against **Groupon, Inc.** pursuant to Rule 55(a);
2. Confirm that **Groupon, Inc.'s failure to respond** within the required 21 days constitutes default as a matter of law;
3. Grant the Plaintiffs **any such other and further relief**, at law or in equity, to which they may be justly entitled.

3

Respectfully submitted,

_____ 5/27/25

Don A. Hampton, M.A., B.S., L.M.T.


_____ 5/27/25

Cheryl A. Hampton, M.B.A., B.S. A.A.