IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DON A. HAMPTON, CHERYL A. HAMPTON, § § § *Plaintiffs,* § § vs. § § WILLIAM LONG, COMMISSIONER OF § INTERNAL REVENUE SERVICE; PAM § BONDI, ATTORNEY GENERAL FOR § U.S. DEPARTMENT OF JUSTICE; § KRISTEN CLARKE, ASSISTANT § ATTORNEY GENERAL, U.S. DEPARTMENT OF JUSTICE, SOUTHERN DISTRICT OF TEXAS; AND GROUPON, INC., ATTN: DANE DROBNY, GENERAL COUNSEL; *Defendants.* | | 5:25-CV-00341-JKP-RBF |

## **ORDER**

Before the Court is the status above-referenced case and several pending motions, *see* Dkt. Nos. 3, 14, 16, 20, 21, 22, & 23. This case was referred for resolution of all nondispositive pretrial matters. *See* Dkt. No. 6. The Court has authority to enter this Order pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons discussed below, Plaintiffs are **ORDERED** to submit an Amended Complaint that is compliant with the Federal Rules of Civil Procedure. As discussed below, the Motions to Compel, Dkt. Nos. 3, 20, 21, 22, 23, are **DENIED WITHOUT PREJUDICE**. Finally, as also discussed below, the Motions at Dkt. Nos. 14 and 16, and Dkt. Nos. 26 and 27, are **MOOT**.

Plaintiffs filed their initial complaint and request for injunctive relief on March 31, 2025. *See* Dkt. No. 1. On May 5, 2025, Plaintiffs filed an Emergency Motion for a Temporary Restraining Order, Dkt. No. 12, which the District Judge denied. *See* Dkt. No. 13.

Plaintiffs filed several motions styled as motions to compel. *See* Dkt. Nos. 3, 20, 21, 22, 23; *see also* Dkt. No. 24 (disposed by text-order on June 6, 2025). But upon review, these motions appear intended to serve as part of the request for an injunction. Defendant IRS's Motion for Extension of Time represented that the IRS is seeking documents necessary to address the injunction request. *See* Dkt. No. 18. In any event, the motions to compel, such as they are, fail to articulate in a way the Court can understand what relief is sought and the grounds supporting an award of any such relief.

To obtain relief from the Court, a party can of course file a written motion. But a motion must state with particularity the relief requested and provide the grounds supporting the request. *See* Fed. R. Civ. P. 7. Also, a party filing a motion that does not seek to dispose of a claim, party, or defense must confer with opposing counsel before filing the motion to determine whether the relief requested will be opposed by the other side. *See* Local Rule CV-7(G) ("The court may refuse to hear or may deny a nondispositive motion unless the movant advises . . . that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made."). The motion therefore must indicate whether the relief requested is opposed. *See id.*; Fed. R. Civ. P. 11(b). Here, the motions to compel do not—as far as the Court can understand—state with particularity what relief is sought, what authority would permit the Court to award that relief, and whether awarding such relief is opposed by Defendants.

For these reasons, the Motions to Compel, Dkt. Nos. 3, 20, 21, 22, 23, are **DENIED WITHOUT PREJUDICE**.

Next before the Court are two Motions related to a purported default by Defendant Groupon. *See* Dkt. Nos. 14 & 16. These Motions are **MOOT** because the Court has directed the filing and service of an Amended Complaint, Dkt. No. 25, which will trigger a new deadline for all Defendants to file an answer. *See* Fed. R. Civ. P. 15(a)(3). Moreover, Plaintiffs have failed to demonstrate proper service on Defendant Groupon, providing only a proof of service form without the name of any individual served. *See* Dkt. No. 9. Plaintiffs must properly serve the Amended Complaint on defendant Groupon as well as all other defendants being sued. Proper service on Defendant Groupon must also be provided via a fully completed proof of service form.

Additionally before the Court are the two Motions filed at docket entries 26 and 27. In these Motions, Plaintiffs request an explanation for the delay in entry of a clerk's default and reiterate their request for entry of default against Defendant Groupon. Those matters have been explained herein, rendering these Motions, Dkt. Nos. 26 & 27, **MOOT**.

Finally, the Court addresses the Motion at docket entry 19 to clarify that it is, and should be understood to be, a response to Defendants' Motion at docket entry 18. This confusion has been clarified on the docket by a June 9, 2025, modification to the docket entry.

## Conclusion

For the reasons discussed above, the Motions at Dkt. Nos. 3, 20, 21, 22, and 23 are **DISMISSED WITHOUT PREJUDICE.** The Motions at Dkt. Nos. 14, 16, 26 and 27 are **MOOT**. The Motion at Dkt. No. 19 is improperly filed and is understood as a response to Defendants' Motion at Dkt. No. 18.

\* \* \*

Plaintiffs are advised that any further non-dispositive motions filed without a certificate of conference that complies with Local Rule CV-7(G) will be struck. Plaintiffs are also advised of the provisions of Federal Rule of Civil Procedure 11, to which Plaintiffs are required to adhere:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an . . . unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Moreover, Rule 11 provides for significant sanctions against an unrepresented party who violates the Rule. *See* Fed. R. Civ. P. 11(c).

**IT IS SO ORDERED.**

SIGNED this 12th day of June, 2025.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE