# United States Court of Appeals
# for the Fifth Circuit

**FILED**
OCT 21 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

United States Court of Appeals
Fifth Circuit
**FILED**
October 21, 2025
Lyle W. Cayce
Clerk

No. 25-50499

In re Don A. Hampton; Cheryl A. Hampton,

*Petitioners.*

---

Petition for Writ of Mandamus to the
United States District Court
for the Western District of Texas
USDC No. 5:25-CV-341-JKP-RBF

---

UNPUBLISHED ORDER

Before Smith, Haynes, and Oldham, *Circuit Judges.*

Per Curiam:

    Don A. Hampton and Cheryl A. Hampton have filed in this court a pro se petition for a writ of mandamus along with several supplemental supporting briefs. They also have moved for a stay of the magistrate judge's (MJ) June 27, 2025, order to vacate the MJ's September 2, 2025 order, and for an expedited ruling on their mandamus petition.

    The mandamus petition concerns the Petitioners' March 31, 2025 combined complaint and motion for preliminary injunction naming as defendants officials of the Internal Revenue Service and the Department of Justice (collectively, the Government) and Groupon, Inc. (Groupon). Over the course of this March 31 pleading, which exceeds 700 pages in length including incorporated exhibits, the Petitioners allege, inter alia, that they

No. 25-50499

have been held liable for fraudulent tax debt as a result of the defendants' unlawful actions. The district court clerk sealed the pleading on the ground that it contained personal information. On April 3, 2025, the district court referred the case to the MJ pursuant to 28 U.S.C. § 636(b). The Petitioners then advised the court that they did not consent to proceed before the MJ under § 636(c). On May 30, 2025, the Government filed an opposed motion for an extension of time to file its answer.

On June 6, 2025, the MJ ordered the Petitioners to file an amended complaint within 14 days that was compliant with Federal Rule of Civil Procedure 8(a)(2), which requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The MJ advised that, if the Petitioners did not comply, the suit could be dismissed pursuant to Federal Rule of Civil Procedure 41(b). In light of this order, the MJ separately denied as moot the Government's motion for an extension of time.

On June 12, 2025, the MJ denied without prejudice five motions, filed by the Petitioners, to compel (a) the removal of certain federal tax liens, (b) the removal of a certain "shared responsibility payment" balance, (c) the return of certain funds seized from a federal credit union account, (d) the processing of certain amended tax returns, and (e) compliance with certain Freedom of Information Act requests. The MJ also denied, as moot, four other motions filed by the Petitioners, noting that they had failed to demonstrate proper service of the March 31 pleading on Groupon and advising that these deficiencies must be corrected when Petitioners served their amended complaint. The Petitioners did not seek the district court's review of the June 6 or June 12 orders.

In the above-referenced June 27, 2025 order, the MJ noted that the Petitioners had not yet filed an amended complaint in compliance with the

Case 5:25-cv-00341-JKP-RBF    Document 58    Filed 10/21/25    Page 3 of 7
Case: 25-50499    Document: 34-1    Page: 3    Date Filed: 10/21/2025

No. 25-50499

June 6 order but had instead re-served Groupon with the March 31 pleading. The MJ again ordered the Petitioners to file an amended complaint within 14 days and advised them that failure to comply would result in dismissal of the suit under Rule 41(b).

Rather than file an amended complaint, the Petitioners moved the district court to vacate the June 27 order and, on July 28, 2025, moved for entry of default against Groupon based on its failure to answer. The district court denied these two motions in separate orders on July 30, 2025.

The Petitioners filed several more motions in early August 2025, including motions to compel, to strike notices of appearance filed by attorneys for Groupon, for entry of default against both the Government and Groupon. On September 2, 2025, the MJ denied without prejudice the motions to compel and to strike, denied as moot the motion for entry of default, and issued the Petitioners a sanction warning. In the same order, the MJ noted the Petitioners' argument that their complaint was, in fact, only 30 pages long and that the remaining pages of the March 31 pleading constituted exhibits. The MJ observed, however, that the March 31 pleading, as filed in the docket, consisted of a single pleading of over 700 pages. The MJ therefore ordered the Petitioners, within seven days, to "refile their original 30-page complaint with any accompanying exhibits properly designated as exhibits and filed as such." The MJ reiterated that if Petitioners failed to do so, their case would be subject to dismissal. On September 8, 2025, the Petitioners filed a motion to vacate the September 2 order; that motion, which remains pending, has been referred to the MJ. To date, the Petitioners have not filed an amended complaint.

Over the course of their mandamus petition, supporting briefs, and motions, the Petitioners allege that the MJ misapplied Rule 8(a)(2) and exceeded his authority under § 636(b) by issuing the June 6, June 12, June 27,

and September 2 orders; they insist that they have not consented to proceed before the MJ and that he therefore cannot issue such orders (which, they contend, are dispositive rulings because the orders threaten the dismissal of their suit). They repeatedly assert that the MJ and district court have selectively enforced pleading deadlines (including by denying their motions for entry of default) and have used the cited Rule 8(a)(2) deficiencies as a pretext to avoid addressing the merits of their claims, thereby violating their due process rights and affording the defendants preferential treatment. They cite as further proof of judicial bias that the district court unilaterally sealed their March 31 pleading.

When their pro se pleadings are construed liberally, the Petitioners request as relief that we: (i) "cease the informal grace period" afforded to the Government and order it to answer the March 31 pleading; (ii) recognize that the complaint as filed complies with the Federal Rules of Civil Procedure, including Rule 8(a)(2); (iii) stay and vacate the MJ's June 6 and June 27 orders, enjoin the district court from dismissing the suit under Rule 41(b), and preserve the status quo; (iv) grant them leave to re-serve the March 31 pleading on Groupon; (v) grant the motions to compel which the MJ denied in his June 12 order; (vi) order the district court to unseal all supporting documents and exhibits contained in the March 31 pleading; (vii) investigate the bias and misconduct of the MJ and district court judge (including the district court judge's failure to supervise the MJ) and take "appropriate corrective action"; (vii) reassign the case to a different district court judge and MJ, or, alternatively, reassign all "dispositive matters" to the current district court judge; (viii) determine whether administrative oversight and staff failures in the district court clerk's office have caused unlawful delays; (ix) recognize the defendants' "procedural default," grant the motions for entry of default which were denied by the district court on July 30 and by the MJ on September 2, and order the district court clerk to

No. 25-50499

enter default against the defendants; and (x) vacate the September 2 order and strike the notices of appearance filed by Groupon's attorneys as untimely.

"Mandamus is an extraordinary remedy that should be granted only in the clearest and most compelling cases." *In re Willy*, 831 F.2d 545, 549 (5th Cir. 1987). A party seeking mandamus relief must show both that he has no other adequate means to obtain the requested relief and that he has a "clear and indisputable" right to the writ. *Id.* (internal quotation marks and citation omitted).

Mandamus is a possible remedy when the district court has unduly delayed in ruling on a case. *See Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 661-62 (1978) (holding that, where a district court persistently and unreasonably fails to adjudicate a case, the court of appeals may issue a writ of mandamus in order to exercise its appellate jurisdiction). However, any complaint of delay is moot as the district court has already ruled on all pleadings that were properly before it.

In expanding the duties of magistrate judges under § 636(b), "Congress made clear that . . . the magistrate [judge] acts subsidiary to and only in aid of the district court. Thereafter, the entire process takes place under the district court's total control and jurisdiction." *United States v. Raddatz*, 447 U.S. 667, 681 (1980). Thus, this court neither monitors nor supervises the work of magistrate judges to whom cases are referred under § 636(b). If the Petitioners are dissatisfied with the MJ's handling of their case, they should direct their complaints to the district court judge; it is not incumbent upon the district court to review the MJ's orders sua sponte when the Petitioners have not filed appropriate motions or objections seeking review of those orders. Since they have not requested that the district court

Case 5:25-cv-00341-JKP-RBF   Document 58   Filed 10/21/25   Page 6 of 7
Case: 25-50499      Document: 34-1     Page: 6     Date Filed: 10/21/2025

No. 25-50499

review the MJ's June 12 or September 2 orders, mandamus relief pertaining to those orders is not appropriate.

The only district court orders from which the Petitioners seek mandamus relief are the court's July 30 orders denying both their motion to vacate the MJ's June 27 order (requiring them to file an amended complaint) and their July 28 motion for entry of default against Groupon. However, mandamus is not a substitute for appeal. *In re Willy*, 831 F.2d at 549. "Where an interest can be vindicated through direct appeal after a final judgment, this court will ordinarily not grant a writ of mandamus." *Campanioni v. Barr*, 962 F.2d 461, 464 (5th Cir. 1992).

Issues related to the denial of the Petitioners' July 28 motion for entry of default can be resolved on appeal following the issuance of a final judgment. *See, e.g., Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). As for the district court's denial of the motion to vacate the June 27 order to amend, all of the relief requested by the Petitioners in grounds (i) through (iv) above hinges upon the correctness of the determination that the March 31 pleading does not comply with Rule 8(a)(2). Should the MJ recommend dismissal of the suit under Rule 41(b) for failure to file an amended complaint, the Petitioners can seek review by the district court and, if they are not successful, they can appeal that decision. *See Campbell v. Wilkinson*, 988 F.3d 798, 801-02 & n.1 (5th Cir. 2021); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). Because they can ultimately obtain relief from the district court's July 30 orders on appeal, mandamus relief regarding those orders is not warranted. *See Campanioni*, 962 F.2d at 464.

Turning to the Petitioners' request that we investigate the misconduct and bias of the MJ and district court judge and reassign the case to different judges, parties may seek review of a disqualification ruling by way of a mandamus petition. *In re Chevron U.S.A., Inc.*, 121 F.3d 163, 165 (5th Cir.

No. 25-50499

1997); *In re Corrugated Container Antitrust Litig. Steering Comm.*, 614 F.2d 958, 961 n.4 (5th Cir. 1980). However, the Petitioners have not yet filed a recusal motion in the district court, so there is no ruling for us to review. Since filing a motion to recuse in the district court constitutes an adequate means for the Petitioners to attain the requested relief, mandamus relief is not appropriate. *See In re Willy*, 931 F.2d at 549.

Similarly, even if mandamus relief were available with respect to a district court's refusal to unseal pleadings, the Petitioners have not yet requested that the district court unseal the March 31 pleading such that mandamus relief is not warranted. *See id.* Nor have the Petitioners otherwise shown a clear and indisputable right to the writ. *See id.*

The petition for a writ of mandamus is DENIED. The motions to stay the June 27, 2025 order, to vacate the September 2, 2025 order, and for an expedited ruling are likewise DENIED.



Certified as a true copy and issued
as the mandate on **Oct 21, 2025**

Attest: *Jyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit