# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

**DON A. HAMPTON, CHERYL A. HAMPTON,**

*Plaintiffs*,

Case No.  SA-25-CV-00341-JKP

**v.**

**WILLIAM LONG, COMMISSIONER OF INTERNAL REVENUE SERVICE; PAM BONDI, ATTORNEY GENERAL FOR U.S. DEPARTMENT OF JUS-TICE; KRISTEN CLARKE, ASSIS-TANT ATTORNEY GENERAL, U.S. DEPARTMENT OF JUSTICE, SOUTHERN DISTRICT OF TEXAS; AND  GROUPON, INC., ATTN: DANE DROBNY, GENERAL COUNSEL;**

*Defendants*.

## ORDER ACCEPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Magistrate Judge Richard Farrer's Report and Recommendation recommending this case be dismissed pursuant to Federal Rules 16(f) and 41(b) for failure to comply with Court orders. *ECF No. 73*. Don Hampton and Cheryl Hampton (the Hamptons) filed timely a timely Objection to the Report and Recommendation. *ECF No. 78*. After examination of the record pertinent to the objections and independent analysis of the applicable facts and assessment of the law, the Court **ACCEPTS** the Magistrate Judge's Report and Recommendation. This case is **DISMISSED with prejudice**.

The Clerk of Court is **DIRECTED to CLOSE THIS CASE**.

**Legal Standard**

When a party objects to a Report and Recommendation this Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991). In conducting a *de novo* review, the Court will examine the record pertinent to the objections and must conduct its own analysis of the applicable facts and make an independent assessment of the law. This Court is not required to give any deference to the magistrate judge's findings. *Johnson v. Sw. Research Inst.*, 210 F. Supp. 3d 863, 864 (W.D. Tex. 2016).

The Court will not conduct a *de novo* review pertaining to any objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). The Court will review those portions of the report that are not objected to for determination whether they are clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(C); *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied,* 492 U.S. 918 (1989).

**Objections**

The Hamptons begin by objecting to the Magistrate Judge's authority and move to vacate the Report and Recommendation as "jurisdictionally void." *ECF No. 78, pp. 1-2*. The Hamptons argue that although styled a "Report and Recommendation", the document does not function as a recommendation because it "uses the conclusive command "IT IS SO ORDERED." *Id. at pp. 2-5*. The Hamptons, then, challenge the Magistrate Judge's jurisdiction to enter the underlying Orders in this case directing the Hamptons to file an appropriate Amended Complaint. *Id. at pp. 5-9*. The Hamptons contend they were not obligated to follow the Magistrate Judge's directives and Orders because they did not consent to the Magistrate Judge's authority, and therefore, the

Magistrate Judge did not have jurisdiction to order them to act. *Id*. The Hamptons also contend the Magistrate Judge did not have authority to strike certain docket entries, and these filings should be restored. *Id*.

## Analysis

A district court may designate a magistrate judge to hear and determine any pretrial matter, except those dispositive matters specifically listed in 28 U.S.C. § 636(b)(1)(A). This Court referred all nondispositive pretrial matters to the Magistrate Judge. *ECF No. 6*. Accordingly, the Magistrate Judge held authority and jurisdiction to enter the Orders requiring the Hamptons to file an appropriate and legible Amended Complaint pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72, App. C. Under this referral, the Magistrate Judge held authority and jurisdiction to enter the Report and Recommendation recommending that this case by dismissed based upon the Hamptons repeated failure to follow his Orders. *Id*.

Although the Report and Recommendation contained the closing statement, "IT IS SO ORDERED," this statement, alone, did not convert the Report and Recommendation to a commanding or case-dispositive order, as the Hamptons contend. The Report and Recommendation maintained its stature as a recommendation to this Court. The Report and Recommendation also contained instructions notifying the Hamptons of their right to object and appeal. *ECF No. 73, pp. 6-7*. The Hamptons did file these objections. *ECF No. 78*. The Court finds the Hamptons' objections to the Magistrate Judge's authority and jurisdiction to enter the underlying orders and to enter the Report and Recommendation to be without merit.

In the interest of thoroughness, the Court also reviewed the underlying matters to which the Hamptons object. With regard to a non-dispositive matter, a district judge may reconsider a magistrate judge's ruling upon timely objection "where it has been shown that the magistrate

3

judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). To obtain review of a magistrate judge's ruling on a non-dispositive matter, a party must file objections to the order. Fed.R.Civ.P. 72(a). The Local Rules of the Western District require a party desiring review of a non-dispositive order to file an appeal within fourteen days after issuance of the magistrate judge's order and "specifically designate the order, or part thereof, for which reconsideration is requested, and the basis for any objection thereto." W.D. Tx. Local Rule 72, Appendix C, Rule 4. A district court will thereupon set aside any portion of the judgment found to be clearly erroneous or contrary to law. *Id.*

The Hamptons did not object to any specific Order issued by the Magistrate Judge requiring that they file an appropriate and legible Amended Complaint. Therefore, any substantive objection posited now, in their Objection to the Report and Recommendation is untimely.

### Conclusion

This Court conducted a *de novo* review of the record, even without specific, pertinent objections to the Report and Recommendation. Upon this de novo review, this Court **ACCEPTS and ADOPTS** Magistrate Judge Farrer's Report and Recommendation in its entirety. The Court **DISMISSES this case with prejudice**. The Court will issue an appropriate final judgment by separate filing.

It is so ORDERED.
**SIGNED this 24th day of February, 2026.**

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE

4